213 W. 23rd St. LLC v Crunch Holdings LLC
2026 NY Slip Op 03623
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

213 West 23rd Street LLC, Appellant,
v
Crunch Holdings LLC, et al., Respondents.

Decided and Entered: June 09, 2026
Index No. 652882/22|Appeal No. 6843|Case No. 2025-03156|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Adler Stachenfeld LLP, New York (Patrick O'Connor of counsel), for Crunch Holdings LLC, respondent.

[*1]
Order, Supreme Court, New York County (Sabrina Kraus, J.), entered April 25, 2025, which, after a bench trial, to the extent appealed from as limited by the briefs, dismissed the complaint as against defendant Crunch Holdings LLC, unanimously affirmed, without costs.
Under a good guy guaranty, defendant guarantor Crunch Holdings LLC guaranteed the performance of defendant tenant Crunch West 23rd Street, LLC under its lease with plaintiff landlord 213 West 23rd Street LLC through the date of the tenant's surrender. The guaranty required, among other things, that for the surrender to release the guarantor from its liability, the tenant had to be "current on all of the rent and additional rent obligations under the [l]ease" at the time of surrender.
The court's determination that the tenant was current on its rent and additional rent obligations, thus relieving the guarantor of its obligation under the good guy guarantee, was supported by a fair interpretation of the evidence adduced at trial (see Security Pac. Natl. Bank v Evans, 175 AD3d 410, 411 [1st Dept 2019] appeal dismissed 34 NY3d 1088 [2020]). Any costs related to the tenant's obligation to restore the premises did not accrue prior to the surrender date, as supported by the court's finding that plaintiff failed at trial to establish what those costs were and whether they were actually incurred by plaintiff.
We reject plaintiff's argument that the tenant's failure to restore fixtures upon vacating the premises amounts to additional rent that remains accrued but unpaid, thus preventing the termination of the guarantor's liability. Although the lease provided that the tenant's obligation to pay additional rent survived the expiration of the lease term, on a prior appeal in this case, we held that "the lease was not incorporated by reference into the parties' good-guy guaranty" (213 W. 23rd St. LLC v Crunch Holdings LLC, 238 AD3d 652, 653 [1st Dept 2025]). Moreover, in contrast to the lease, the guaranty released the guarantor from liability for costs that accrued after the surrender date provided the tenant was current with additional rent as of that date (see Empanada Fresca LLC v 1 BK St. Corp., 238 AD3d 589, 598 [1st Dept 2025]; ROC-Lafayette Assoc., LLC v Sturm, 233 AD3d 418, 419 [1st Dept 2024]). To read the requirement in the guaranty that the tenant be "current" with additional rent to include costs that had not yet come due would render nonsensical the lease's provision for the tenant's
continued liability for costs after surrender, as well as the guaranty's release of the guarantor's liability after surrender (see 1995 CAM LLC v West Side Advisors, LLC, 45 NY3d 150, 152 [2025]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026